**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| XAVORK WOOLIAND INC.,<br><br>Plaintiff,<br><br>v.<br><br>THE DEFENDANT(S) IDENTIFIED IN SCHEDULE A TO THE COMPLAINT,<br><br>Defendant(s). | Civil Action No. 1:23-CV-03371<br><br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT FOR DESIGN PATENT INFRINGEMENT**

Plaintiff, Xavork Wooliand Inc. ("Plaintiff"), brings this action for design patent infringement against the Defendants[1], based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, alleging as follows:

**INTRODUCTION**

1. This matter involves the infringement of U.S. Patent No. D974,504 ("the '504 design patent"), titled "Fitness Equipment," by Defendants' online selling/and or offering for sale of unauthorized and unlicensed products that infringe Plaintiff's patented design.

[1] The Defendants are identified in Schedule A, including by way of their websites, accused products, and the names of their online stores. Concurrent with the original Complaint, on May 27, 2023, Plaintiff filed a Motion for Leave to File Under Seal (now moot) requesting that certain papers and/or portions thereof identifying the Defendants be temporarily sealed pending the outcome of its Motion for Temporary Restraining Order. As noted, Plaintiff sought to temporarily seal the identity of the defendants to mitigate the risk of transferred assets or destruction of evidence.

## THE PARTIES

### Plaintiff Xavork Wooliand Inc.

2. Plaintiff Xavork Wooliand Inc. is an Oregon corporation with a mailing address at 92 Corporate Park, Suite C204, Irvine CA 92606. Plaintiff is the owner by assignment of all right, title, and interest in and to the '504 design patent and the design claimed therein, including the right to sue for past, present, and future infringement thereof.

3. Plaintiff and related entities specialize in, among other things, the research, development, and design of fitness equipment offered for sale throughout the world.

4. The '504 patent was duly and legally issued on January 3, 2023. Attached hereto as Exhibit 1 is a true and correct copy of the '504 design patent.

5. Products featuring Plaintiff's patented design are distributed and sold to consumers throughout the United States, including the State of Illinois and in this judicial district, via licensed sellers. *See* Exhibit 2, Declaration of Zhongxing Gong, dated May 26, 2023 ("Gong Decl."), ¶ 4.

6. Plaintiff has not granted a license to or permitted in any other manner Defendants' use of the design claimed in the '504 design patent.

### Defendants

7. The Defendants are individuals, companies, and/or an unincorporated business association that, upon information and belief, reside in a foreign jurisdiction. The listings on Schedule A to the Complaint are based on the "Seller information" listed on Amazon.com and Walmart.com, but the true names, identities, and addresses of the Defendants remain unknown.

8. The Defendants conduct business throughout the United States, including in the State of Illinois, and within this judicial district, through the operation of fully interactive websites

accessible through commercial online marketplaces operated by third-party online retailers and through its own website, all of which offer free shipping to residents of Illinois and within this judicial district. Upon information and belief, defendants have the capacity to be sued as defined in Federal Rule of Civil Procedure 17(b).

9. The Defendants offer for sale to U. S. consumers, and have already sold to U. S. consumers, including consumers located in this judicial district, products that infringe the design claimed in Plaintiff's '504 design patent, through their own fully interactive website and through the websites of such third-party online retailers as Amazon and Walmart.

## NATURE OF THE ACTION

10. This is an action for design patent infringement.

11. The Defendants have infringed in the past and are currently infringing, contributing to and/or actively inducing others to infringe the '504 design patent by selling counterfeit and infringing products to consumers in the United States illegally and without license from Plaintiff.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 1, *et seq*.

13. This Court has original subject matter jurisdiction over the claims in this action pursuant 28 U.S.C. § 1331 and § 1338(a).

14. This Court has personal jurisdiction over the Defendants because they transact business in the State of Illinois and in the Northern District of Illinois. Moreover, Defendants directly target business activities and sales toward consumers in the United States, including Illinois, through at least the fully interactive, commercial online stores operating on platforms such as

Amazon and Walmart as well as through Defendants' own website(s), all of which offer free shipping to Illinois, accept payments from residents of the state in U.S. dollars, and have sold infringing products to residents of Illinois, including in this judicial district.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400, because a substantial part of the events or omissions giving rise to the claims occurred in this district and because the Defendants directly target business activities and sales to consumers in the State of Illinois. Specifically, the Defendants have targeted sales to Illinois residents, offered shipping to the United States, including Illinois, accepted payment in U.S. dollars and, on information and belief, has sold products infringing Plaintiff's patent to residents of Illinois. Defendants have committed tortious acts in Illinois, engaged in interstate commerce, and wrongfully caused Plaintiff substantial injury in the State of Illinois. When an infringing product is purchased from a computer with an Illinois URL (the accepted acronym for the phrase "Uniform Resource Locator," a URL is a reference to an Internet resource), Defendants' website auto-fills shipping information for the state.

16. Plaintiff and related entities have expended substantial time, money, and other resources developing, and securing advertising, marketing, and other promotion for products covered by the '504 design patent. *See* Gong Decl., ¶¶ 5-6, 8-9.

17. Defendants reach out to do business with Illinois residents by operating commercial, interactive internet stores through which Illinois residents can purchase products featuring Plaintiff's patented, unique, and original product design. *See id.,* ¶¶ 10-12.

18. Defendants target sales from Illinois residents by operating online stores that offer shipping to the United States, and, specifically, to addresses within this judicial district in Illinois, accepting payment in U.S. dollars and from residents of Illinois. *Id.*

19. Defendants have sold products infringing the unique and original ’504 design patent to residents of Illinois. *See id*.

20. Plaintiff has been forced to file this action to combat the infringement of its patented design by Defendants. As a result of such infringement, Plaintiff has been and continues to be irreparably harmed by the loss of its lawful right to exclude others from making, using, selling, offering for sale, and importing its patented design, and the profits derived therefrom.

21. As such, the Defendants commit tortious acts against Plaintiff in Illinois, are engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

## FACTUAL BACKGROUND

22. Defendants advertise several power cages on Amazon.com (Defendants’ “Amazon Items”) that infringe the ’504 design patent by incorporating a design that is substantially the same as the design claimed in the '504 patent, with only minor differences in the dip handles and the wide and narrow pull-up bars which an ordinary observer would disregard.

23. The differences between the ’504 design patent and Defendants’ Amazon Items are not substantial enough to avoid infringement, as an ordinary observer would find the similarities between the two designs to be substantial and would likely be deceived into purchasing one supposing it to be the other. (*See* Exhibit 3 – Table Comparing Plaintiff’s Design to Accused Products (“Table”), rows 1-6.) Products 1 through 5 are listed under a different seller than product 6, but based on the sellers’ other websites, those two brands appear to be sold by the same entity.

24. One defendant advertises several power cages and a so-called “Smith machine” on Walmart’s Internet Site (the “Walmart Items”) that infringe the ’504 design patent by incorporating a design that is substantially the same as the unique design claimed in the ’504 design patent, with

only minor differences in the dip handles and the wide and narrow pull-up bars which an ordinary observer would disregard. (*See* Ex. 3 at rows 7-11.)

25. The differences between the '504 design patent and the defendant's Walmart Items are not substantial enough to avoid infringement, as an ordinary observer would find the similarities between the two designs to be substantial and would likely be deceived into purchasing one supposing it to be the other.

26. Defendants also advertise power cages on their own website (Defendants' "Personal Website Items") that infringe the '504 design patent by incorporating a design that is substantially the same as the unique design claimed in the '504 design patent. (*See* Ex. 3 at rows 12-14.)

27. The differences between the '504 design patent and Defendants' Personal Website Items are not substantial enough to avoid infringement, as an ordinary observer would find the similarities between the two designs to be substantial and would likely be deceived into purchasing one supposing it to be the other. Upon information and belief and given the singular contact information on the seller website, the brand under which items 12 through 13 and the brand under which item 14 are sold represent the same seller.

**<u>COUNT I</u>**
**INFRINGEMENT OF U. S. DESIGN PATENT NO. D974,504 (35 U.S.C. § 271)**

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs 1-27.

29. Defendants sell, offer for sale, and/or import into the United States for subsequent resale and use products that directly infringe the unique and aesthetically important ornamental design claimed in the '504 design patent.

30. Defendants have infringed the ’504 design patent (directly or indirectly) in the aforementioned ways and will continue to do so unless enjoined by this Court.

31. Defendants’ infringement has caused Plaintiff to suffer irreparable harm resulting from the loss of its lawful rights to exclude others from making, using, selling, offering for sale, and/or importing the patented inventions and its loss of revenue from the interest such claimed design has garnered.

32. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

33. Unless preliminary and permanent injunctions are issued against Defendants and all others acting on in active concert with them from infringing the ’504 design patent, Plaintiff will suffer significant and irreparable harm.

34. Plaintiff is entitled to recover damages adequate to compensate it for the infringement of its ’504 design patent, including Defendants’ profits pursuant to 35 U.S.C. § 289.

35. Plaintiff is further entitled to recover damages adequate to compensate it for the infringement of its ’504 design patent, in an amount to be proven at trial but not less than a reasonable royalty, pursuant to 35 U.S.C. § 284.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants in the form of the following relief:

1. That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

(a) offering for sale, selling, and importing any products not authorized by Plaintiff and that

include any reproduction, copy or colorable imitation of the matter claimed in the '504 design patent;

(b) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use any products infringing Plaintiff's design patent;

(c) aiding, abetting, contributing to, or otherwise assisting anyone in infringing Plaintiff's design patent; and

(d) affecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in the preceding subparagraphs (a) through (c).

2. Entry of an Order that, upon Plaintiff's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, Amazon, Walmart.com, and Wish.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors, and other payment processing service providers, Internet search engines such as Google, Bing, and Yahoo (collectively, "Third Party Providers") shall:

(a) disable and cease providing services being used by the Defendants, currently or in the future, to engage in the sale of goods that infringe Plaintiff's design patent;

(b) disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using Plaintiff's design patent; and

(c) take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3. That Plaintiff be awarded such damages as it shall prove at trial, that will be

adequate to compensate Plaintiff for Defendants' infringement of the '504 design patent, including all profits realized by Defendants, or others acting in concert or participation with Defendants, from Defendants' unauthorized use and infringement of the patented design pursuant to 35 U.S.C. § 284, or, in the alternative, that Plaintiff be awarded statutory damages for design patent infringement pursuant to 35 U.S.C. § 289, in an amount to be determined by the Court for each use of the design claimed in the '504 design patent.

4. That the Court declare this case exceptional, and award Plaintiff its reasonable attorneys' fees and costs as provided by 35 U.S.C. § 285; and

5. That Plaintiff be awarded any and all other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury as to all claims and issues so triable.

Dated: July 28, 2023

Respectfully submitted,

*/s/ Zhangyuan Ji*

Hao Tan (ILND Bar No. 6314119)
Shen Wang (ILND Bar No. 6314224)
Peter J. Curtin (ILND Bar No. 6332596)
Zhangyuan Ji (ILND Bar No. 6336107)
**ARCH & LAKE LLP**
203 North LaSalle Street, Suite 2100
Chicago, Illinois 60601
Tel.: 312-375-9408 (Hao Tan)
Tel.: 636-236-5390 (Shen Wang)
Tel.: 240-432-3267 (Peter Curtin)
Tel.: 773-680-9572 (Zhangyuan Ji)
shenwang@archlakelaw.com
haotan@archlakelaw.com
pete_curtin@archlakelaw.com
ellen@archlakelaw.com

*Counsel for Plaintiff, Xavork Wooliand, Inc.*

**CERTIFICATE OF SERVICE**

In accordance with Local Civil Rule 5.5, I hereby certify that on this 28th day of July, 2023, I have served copies of this Amended Complaint for Design Patent Infringement (with exhibits) on the counsel listed below who are not e-Filers listed on the docket of this case.

| | |
|---|---|
| Scott Eidson<br>John Schroeder<br>Mengmeng Luo<br>STINSON LLP<br>7700 Forsyth Blvd.<br>Suite 1100<br>St. Louis, MO 63105<br>(314) 863-0800<br>scott.eidson@stinson.com<br>john.schroeder@stinson.com<br>mengmeng.luo@stinson.com | Elizabeth Austermuehle<br>Vivek Jayaram<br>Palak Patel<br>JAYARAM LAW<br>125 South Clark Street<br>Suite 1175<br>Chicago, IL 60603<br>(312) 736-2047<br>liz@jayaramlaw.com<br>vivek@jayaramlaw.com<br>palak@jayaramlaw.com |

*/s/ Zhangyuan Ji*
Zhangyuan Ji